UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 11-0527 AG (RNBx) | Date | June 13, 2011 |
|---|---|---|---|
| Title | THOMAS BOND v. GMAC MORTGAGE, LLC, et al. | | |

| Present: The Honorable | ANDREW J. GUILFORD | | |
|---|---|---|---|
| Lisa Bredahl | Not Present | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | | |

**Proceedings:** [IN CHAMBERS] ORDER DENYING MOTION TO REMAND AND GRANTING IN PART MOTION TO DISMISS

Plaintiff Thomas Bond ("Plaintiff") filed a foreclosure-related complaint in Orange County Superior Court. After Judge Francisco Firmat issued his standard 90-day stay order ("90-Day Stay Order") for foreclosure-related cases, Defendants GMAC Mortgage, LLC and ETS Services, LLC (together, "Defendants") removed the case to this Court. Plaintiff now files a Motion to Remand ("Motion to Remand"), while Defendants file a Motion to Dismiss ("Motion to Dismiss"). The Court DENIES the Motion to Remand and GRANTS in part and DENIES in part the Motion to Dismiss.

**BACKGROUND**

The following facts come from the complaint ("Complaint") and for purposes of the Motion to Dismiss the Court assumes them to be true.

In April 2003, Plaintiff entered into a loan contract for $242,000, secured by Plaintiff's house in Rancho Santa Margarita. (Complaint ¶¶ 9, 10.) Plaintiff's loan was originated

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | **SACV 11-0527 AG (RNBx)** | Date | June 13, 2011 |
|---|---|---|---|
| Title | THOMAS BOND v. GMAC MORTGAGE, LLC, et al. | | |

by DiTech, but was later conveyed to other parties. (*Id*. ¶ 13.) In 2009 and 2010, Plaintiff suffered economic hardship and fell behind on making payments on the loan. (*Id*. ¶ 11.) Plaintiff then received a "Notice of Default and Election to Sell Under Deed of Trust." (*Id*.)

Plaintiff alleges that his loan "was believed to have been purportedly associated with one or more devices or transactions known as a Loan Pool, a Pooling and Service Agreement, a Collateralized Debt Obligation, a Mortgage Backed Security, a Mortgage Pass-Through Certificate, a Credit Default Swap, an Investment Trust, and/or a Special Purpose Vehicle." (*Id*. ¶ 12.)

Plaintiff allegedly sought to explore options with Defendants for avoiding foreclosure. (*Id*. ¶ 20.) But Defendants "ignor[ed] their obligations and . . . expedit[ed] foreclosure." (*Id*.) Defendants are still attempting to proceed with a non-judicial foreclosure. (*Id*.)

In his complaint, Plaintiff sets forth five claims, numbered as follows: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) violations of California Civil Code § 2923.5; (4) unfair business practices; and (5) declaratory relief. Plaintiff also seeks the remedy of injunctive relief.

## **PRELIMINARY MATTERS**

Defendants submit five documents for judicial notice. Plaintiff opposes the request on the basis that the facts asserted within those documents are subject to dispute. Defendants request judicial notice of the following documents:

1. Grant Deed recorded on November 11, 1998 as Document No. 19980138850 in the official records of Orange Country, California.
2. Deed of Trust recorded on April 16, 2003 as Document No. 2003000421216 in the official records of Orange County, California.
3. Assignment of Deed of Trust recorded August 24, 2010 as Document No.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-0527 AG (RNBx)** | Date | June 13, 2011 |
|---|---|---|---|
| Title | THOMAS BOND v. GMAC MORTGAGE, LLC, et al. | | |

        2010000410836 in the official records of Orange County, California.
4.     Notice of Default and Election to Sell Under Deed of Trust recorded August 24, 2010 as Document No. 2010000410837 in the official records of Orange County, California.
5.     Notice of Trustee's Sale recorded January 14, 2011 as Document No. 2011000028562 in the official records of Orange County, California.

Under Federal Rule of Evidence 201, "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Courts may take judicial notice of "*undisputed* matters of public record," but generally may not take judicial notice of "*disputed* facts stated in public records." *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (emphasis in original). Facts subject to judicial notice may be considered on a motion to dismiss. *Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987).

The Court grants limited judicial notice of these documents. The Court takes judicial notice of the existence of these documents, but the Court does not take judicial notice of any of the facts or other assertions contained within those documents.

## ANALYSIS

There are now two motions before the Court. The Court will first consider the threshold issue of whether to remand this case, and then the Court will turn to the Motion to Dismiss.

**1.    MOTION TO REMAND**

As stated, Plaintiff as filed a Motion to Remand, on the basis that Judge Firmat's 90-Day Stay Order rendered removal improper. Plaintiff does not challenge that this Court could

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-0527 AG (RNBx)** | Date | June 13, 2011 |
|---|---|---|---|
| Title | THOMAS BOND v. GMAC MORTGAGE, LLC, et al. | | |

have jurisdiction under diversity in the absence of the 90-Day Stay Order. The Court agrees that it would have jurisdiction over this matter based on diversity. Thus, the Court considers whether it is proper to remand the case for the duration of the 90-Day Stay.

### 1.1 Legal Standard

Removal to federal court is governed by 28 U.S.C. § 1441. Suits filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Upon a plaintiff's motion to remand, a defendant bears the burden of establishing proper removal and federal jurisdiction. *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). To protect the jurisdiction of state courts, removal jurisdiction should be strictly construed in favor of remand. *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)). Whether an action is properly in federal court on the basis of removal jurisdiction generally "depends on whether the case originally could have been filed in federal court." *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 163 (1997); 28 U.S.C. 1441(a).

### 1.2 Whether to Remand This Case

Plaintiff primarily argues that "[t]he removal of this case was in direct violation of a California State Court Order, thus making removal improper. Where [a] case is improperly removed, it must be remanded." (Motion to Remand at 3:20-21.) Plaintiff contends that the removal was in violation of Judge Firmat's 90-Day Stay Order, which stated that all litigation was stayed in this case.

Defendants argue that "[f]iling a removal notice automatically ousts the state court of jurisdiction and the state court shall not proceed any further unless and until the case is remanded." (Opposition to Motion to Remand at 1:27-28.) Thus, Defendants contend, removal invalidates the state court stay order because the state court no longer has jurisdiction. Defendants also state that the purpose of the 90-Day Stay Order was to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-0527 AG (RNBx)** | Date | June 13, 2011 |
|---|---|---|---|
| Title | THOMAS BOND v. GMAC MORTGAGE, LLC, et al. | | |

"require the parties to meet and confer about the subject litigation and determine if an agreement can be reached about the subject loan." (*Id*. at 2:10-11.) These purposes, they assert, can be satisfied in federal court as well as in state court, so remand is not necessary.

In *Value Recovery Group, Inc. v. Hourani*, 115 F. Supp. 2d 761 (S.D. Tex. 2000), the district court held that a state court stay did not preclude removal during the stay, that the removal deadline was not equitably tolled by the state court stay, and that defendants had failed to timely remove the case. The *Value Recovery* court stated that "[a]lthough the Removing Defendants may have been precluded from taking action in the state trial court case, the state court's stay order did not bar defendants from removing the case to this court." *Id*. at 767.

The Court agrees with the logic of *Value Recovery*. The 90-Day Stay Order was intended to halt litigation at the state court level, but it is not clear whether it was intended to preclude removal or whether removal would even count as "litigation." In addition, there are policy reasons why a defendant should not be allowed to linger in state court and then remove if the state court proceedings become adverse to it, instead of being obligated to decide removal within the early days of the case.

Further, the Court agrees with Defendants' argument that the meet-and-confer purposes of the 90-Day Stay Order can be fulfilled in this Court. The parties can voluntarily follow the settlement procedures of the 90-Day Stay Order, or they could ask this Court to order such a procedure.

Plaintiff has not set forth an adequate legal basis for remanding the case at this time. Plaintiff's Motion to Remand is DENIED.

### 2. MOTION TO DISMISS

Because the Court has denied the Motion to Remand, the Court now turns to the Motion

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-0527 AG (RNBx)** | Date | June 13, 2011 |
|---|---|---|---|
| Title | THOMAS BOND v. GMAC MORTGAGE, LLC, et al. | | |

to Dismiss. The Court will first review the applicable legal standard, then will turn to each of the five claims in the complaint.

### 2.1 Legal Standard

A court should dismiss a complaint when its allegations fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). A complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "'[D]etailed factual allegations' are not required." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (stating that "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations")). The Court must accept as true all factual allegations in the complaint and must draw all reasonable inferences from those allegations, construing the complaint in the light most favorable to the plaintiff. *Pollard v. Geo Group, Inc.*, 607 F.3d 583, 585 n.3 (9th Cir. 2010).

But the complaint must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct at 1940 (citing *Twombly*, 550 U.S. at 556). A court should not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements," *id.*, or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences," *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). The Ninth Circuit recently stated that a complaint must be (1) "sufficiently detailed to give fair notice to the opposing party of the nature of the claim so that the party may effectively defend against it," and (2) "sufficiently plausible that it is not unfair to require the opposing party to be subjected to the expense of discovery." *Starr v. Baca*, 633 F.3d 1191, 1204 (9th Cir. 2011). Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies of the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 11-0527 AG (RNBx) | Date | June 13, 2011 |
|---|---|---|---|
| Title | THOMAS BOND v. GMAC MORTGAGE, LLC, et al. | | |

2003).

**2.2    Claims in the Complaint**

As noted, Plaintiff sets forth five claims against Defendants. The Court will now address each claim in turn.

*2.2.1   Claim One: Breach of Contract*

A breach of contract claim has four elements: (1) existence of a valid contract; (2) plaintiff's performance or excuse for non-performance; (3) defendant's breach; and (4) resulting damage. *E.g.*, *McDonald v. John P. Scripps Newspaper*, 210 Cal. App. 3d 100, 104 (1989).

Plaintiff alleges that Defendants breached the loan contract by securitizing the loan and that "defendants have exceeded the scope of the assignment provisions that are contained in the original loan note." (Complaint ¶ 25.)

Defendants raise several arguments against Claim One. First, Defendants argue that Plaintiff has failed to identify the specific terms of the contract that were violated. But this argument fails. While Plaintiff does not cite the specific sections of the loan contract, Plaintiff does allege a violation of the "assignment provisions," which is sufficiently specific at this stage. (*Id*.)

Second, Defendants argue that Plaintiff admittedly failed to make his monthly payments and thus violated the contract, and a party who has breached a contract can't sue the other party for breach. But based on the allegations in the complaint, it's not clear whether Defendants' alleged breach occurred before or after Plaintiff stopped making his payments. In ruling on this Motion, the Court construes the complaint in the light most favorable to the plaintiff. *Pollard*, 607 F.3d at 585 n.3. Plaintiff has plausibly stated a claim that during the time he was fulfilling his obligations, Defendants breached the contract.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-0527 AG (RNBx)** | Date | June 13, 2011 |
|---|---|---|---|
| Title | THOMAS BOND v. GMAC MORTGAGE, LLC, et al. | | |

Finally, Defendants argue that the statute of limitations bars this claim, even though Defendants acknowledge that "Plaintiff fails to specify when the purported breach occurred." (Opposition at 5:26-27.) Defendants argue that the contract was executed in 2003, which was seven years before Plaintiff filed his complaint, and thus beyond the four-year statute of limitations for breach of contract claims. This argument fails. A breach of contract claim generally accrues at the time of the breach, not the time the contract was signed. Because the complaint doesn't specify a time of breach, the Court declines to dismiss this claim as being time-barred. After discovery, Defendants may be able to renew this argument against Claim One, but at this stage the argument fails.

The Court DENIES the Motion to Dismiss Claim One.

> 2.2.2 Claim Two: Breach of the Implied Covenant of Good Faith and Fair Dealing

Plaintiff appears to be claiming tort remedies based on the implied covenant of good faith and fair dealing.

An implied covenant of good faith and fair dealing "cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement." *Guz v. Bechtel Nat'l, Inc.*, 24 Cal. 4th 317, 349-50 (2000). Similarly, an implied covenant cannot be read to prohibit a party from doing that which is expressly permitted by agreement. *Carma Developers (Cal.), Inc. v. Marathon Dev. California, Inc.*, 2 Cal. 4th 342, 375-76 (1992). "Generally, no cause of action for the tortious breach of the implied covenant of good faith and fair dealing can arise unless the parties are in a 'special relationship' with 'fiduciary characteristics.'" *Pension Trust Fund v. Federal Ins. Co.*, 307 F.3d 944, 955 (9th Cir.2002) (applying California law). "California courts do not invoke a special relationship between a lender and borrower." *Ramirez v. Barclays Capital Mortg.*, No. CV F10-1039 LJO SKO, 2010 WL 2605696, at *6 (E.D. Cal. June 28, 2010); *see also Kim v. Sumitomo Bank*, 17 Cal. App. 4th 974, 979 (1993) ("the relationship of a bank-commercial borrower does not constitute a special relationship for the purposes of the covenant of good faith and fair dealing"); *Mitsui Manufacturers Bank v. Superior Court*, 212 Cal. App. 3d 726, 729 (1989)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-0527 AG (RNBx)** | Date | June 13, 2011 |
|---|---|---|---|
| Title | THOMAS BOND v. GMAC MORTGAGE, LLC, et al. | | |

(borrower precluded from asserting tortious breach of implied covenant of good faith and fair dealing claim against lender).

Defendants argue that the loan contract specifically allows them to foreclose in the event of default and there is no obligation "to forbear from exercising this remedy." (Motion at 6:24-25.) But this argument misses the point of Plaintiff's claim. Plaintiff identifies five ways in which Defendant GMAC breached the implied covenant, none of which were the simple fact of Defendants seeking to foreclose.

There is, however, a problem with this claim. As noted, generally the relationship between a bank and a borrower is not a "special relationship" for purposes of this type of claim. While Plaintiff conclusorily alleges a special relationship (Complaint ¶ 34), the facts asserted do not plausibly support that inference.

The Court GRANTS the Motion to Dismiss Claim Two, with leave to amend.

### 2.2.3 Claim Three: Violations of California Civil Code § 2923.5

Defendants move to dismiss Plaintiff's claim that Defendants violated California Civil Code § 2923.5, which requires a mortgagee, beneficiary, or authorized agent, before foreclosure, to "contact the borrower . . . in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." Cal. Civ. Code § 2923.5. A decision by the California Court of Appeal held that Section 2923.5 creates a private right of action. *Mabry v. Superior Court*, 185 Cal. App 4th 208, 220-24 (Cal. App. 4 Dist., June 2, 2010). But that private right of action is limited to circumstances where the Section 2923.5 requirement to make contact is not met. *Id.* at *12.

Defendants argue that this claim fails because extrinsic documents show a declaration of compliance with § 2923.5. But at this stage, the Court primarily tests the sufficiency of the complaint and takes all well-pleaded allegations in the complaint to be true. Because Plaintiffs allege that Defendants did not adequately comply with § 2923.5, the Court takes that allegation as true. A motion to dismiss is not the proper time for the Court to weigh

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | **SACV 11-0527 AG (RNBx)** | Date | June 13, 2011 |
|---|---|---|---|
| Title | THOMAS BOND v. GMAC MORTGAGE, LLC, et al. | | |

competing evidence.

The Court DENIES the Motion to Dismiss Claim Three.

### 2.2.4  Claim Four: Unfair Business Practices

The California Unfair Competition Law ("UCL") makes unfair competition actionable. Cal. Bus. & Prof. Code §§ 17200 et seq. "The UCL defines unfair competition as any unlawful, unfair, or fraudulent business practice." *Lazar v. Hertz Corp.*, 69 Cal. App. 4th 1494, 1505 (1999). Defendants argue that Plaintiff failed to identify any specific unlawful, unfair, or fraudulent practices. But among other allegations, Plaintiff alleges that Defendants acted unlawfully by violating California Civil Code § 2923.5. This is sufficient to state a claim under the UCL.

The Court DENIES the Motion to Dismiss Claim Four.

### 2.2.5  Claim Five: Declaratory Relief

Plaintiff seeks declaratory relief under California Code of Civil Procedure § 1060. Specifically, he seeks "a binding Declaration from this court as to the proper interests in the Subject Property as to all of the Defendants." (Complaint ¶ 60.)

Defendants argue that this claim is invalid because it is duplicative of other claims in the complaint. But § 1060 specifically allows that a declaratory relief claim can be brought "either alone or with other relief," and Plaintiff has adequately alleged an actual controversy over the rights and obligations of the parties.

The Court DENIES the Motion to Dismiss Claim Five.

### 2.3  Conclusion

The Court GRANTS the Motion to Dismiss Claim Two, with leave to amend. The Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-0527 AG (RNBx) | Date | June 13, 2011 |
|---|---|---|---|
| Title | THOMAS BOND v. GMAC MORTGAGE, LLC, et al. | | |

DENIES the Motion to Dismiss Claim One, Claim Three, Claim Four, and Claim Five.

**DISPOSITION**

The Court DENIES the Motion to Remand. The Court GRANTS in part and DENIES in part Defendants' Motion to Dismiss. Plaintiff may file an amended complaint within 14 days of this Order, limited to remedying the flaws identified in this Order.

: 0

Initials of Preparer  lmb